**Fermin Eugenio CRUZ–CEGUEDA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71405.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.[*]

Filed Feb. 19, 2009.

Fermin Eugenio Cruz–Cegueda, Huntington Beach, CA, pro se.

Rebecca Ariel Hoffberg, Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, McKEOWN and N.R. SMITH, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") decision denying petitioner's motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

To the extent petitioner seeks review of the BIA's determination that petitioner failed to establish prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture, we have reviewed the record and we grant the respondent's motion for summary disposition because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

To the extent petitioner seeks review of the BIA's determination that petitioner failed to establish prima facie eligibility for cancellation of removal, we grant respondent's motion to dismiss this petition for review for lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006) (concluding that the court lacks jurisdiction to review the Board of Immigration Appeals' denial of motion to reopen for failure to establish a prima facie case if a prior adverse discretionary decision was made by the agency).

The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

All other pending motions are denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This is but one of a multitude of similar sad cases by which our government's deportation of undocumented parents results in the deportation of their American-born citizen children, and effectively denies those children their birthrights. *See Cerrillo–Perez v. INS,* 809 F.2d 1419, 1426–27 (9th Cir.1987) (Requiring the government to conduct individualized analyses of hardships to U.S. citizen children). Our government's conduct forces U.S. citizen children to accept de facto expulsion from their native land or give up their constitutionally protected right to remain with their parents. *See, e.g., Moore v. City of E. Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

To make matters worse, our Byzantine immigration laws and administrative regulations are second or third in complexity to the Internal Revenue Code. Petitioners seeking to legalize their presence are often

forced to navigate this legal labyrinth alone, or with inadequate representation. In the vast majority of immigration cases before us, those who attempt to establish a productive life in this country fall prey to unscrupulous networks of notarios and appearance lawyers who constantly cheat immigrant clients and their families out of their hard-earned money. This state of affairs is a national disgrace, of which our government is well aware.

I hope and pray that soon the good men and women who run our government will craft a system that will assure that applicants like Petitioner are represented by competent counsel in every case, and that they will ameliorate the plight of families like Petitioner's and give us humane laws that will not cause families to disintegrate.